UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID A. SILVIA,

      Plaintiff,

      v.                         Civil Action No. 22-11667-ADB

DEPARTMENT OF VETERANS AFFAIRS,
*NE Health Care Systems*,

      Defendant.

<u>ORDER</u>

BURROUGHS, D.J.

      Plaintiff David A. Silvia's motion for reconsideration, [ECF No. 9], is DENIED.

      In its order dismissing this case, [ECF No. 7], the Court explained that, under the Veterans' Judicial Review Act of 1988 ("VJRA"), 38 U.S.C. § 511(a), the Court did not have jurisdiction to review a decision of the Secretary of Veterans Affairs concerning "the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a).[1]

      Even if the Court did not interpret the complaint exactly as Silvia meant it, it is clear from the complaint and the motion for reconsideration that Silvia is challenging the decision of the Department of Veterans Affairs concerning "the provision of benefits by the Secretary [of Veterans Affairs] to him." 38 U.S.C. § 511(a). Whether the benefits in question concern the availability of medical equipment or of medical care is inconsequential for purposes of this Court's jurisdiction. The same is true whether Silvia is challenging a decision made by officials

---

[1] As used in the VJRA, a "benefit" is "any payment, service, commodity, function, or status, entitlement to which is determined under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors." 38 C.F.R. § 20.3(e).

at the Providence Veterans Administration Medical Center or at the Veterans New England
Healthcare System in Bedford, Massachusetts.  The Court does not have jurisdiction to
adjudicate a separate claim that the Veterans New England Healthcare System discriminated
against Silvia.

The Court reiterates that, *after* a claimant has appealed the Secretary's decision to the
Board of Veterans' Appeals, he may seek judicial review of the matter only in the United States
Court of Appeals for Veterans Claims, which has "exclusive jurisdiction to review decisions of
the Board of Veterans' Appeals."  38 U.S.C. § 7252(a); *see also Rosario-Gonzalez v. United
States*, 544 Fed. App'x 5, 6 (1st Cir. 2013) (agreeing that the VJRA deprived the district court of
jurisdiction over any challenge to a Secretary's benefits decision) (per curiam) (not selected for
publication).[2]

IT IS SO ORDERED.

__11/16/2022_____          /s/ Allison D. Burroughs_____
DATE                                  UNITED STATES DISTRICT JUDGE

---

[2] It is unclear whether Silvia has appealed the Secretary's decision to the Board of Veterans'
Appeals.  Information concerning that appeal process may be found at
https://www.va.gov/decision-reviews/board-appeal/ (last visited Nov. 15, 2022).